EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ORIGINAL**

- - - - - - - - - - - - - - - - x
                :

UNITED STATES OF AMERICA
                :

    - v. -        :    **Indictment**

OSCAR LEMUS,      :    07 Cr.

    Defendant.    :    **07 CRIM.    732**

                :
- - - - - - - - - - - - - - - - x

U.S. DISTRICT COURT
FILED
AUG 0 6 2007
S.D. OF N.Y.  W.P.

COUNT ONE

The Grand Jury charges:

1.  On or about February 11, 2007, in the Southern District of New York and elsewhere, OSCAR LEMUS, the defendant, unlawfully, wilfully, and knowingly transferred an identification document, authentication feature, and false identification document, knowing that such document and feature was stolen and produced without lawful authority, to wit, LEMUS transferred two identification documents that falsely appeared to be, but were not, issued by or under the authority of the United States.

(Title 18, United States Code, Section 1028(a)(2).)

COUNT TWO

The Grand Jury further charges:

2.  On or about March 3, 2007, in the Southern District of New York and elsewhere, OSCAR LEMUS, the defendant, unlawfully, wilfully, and knowingly transferred an identification document, authentication feature, and false identification document, knowing that such document and feature was stolen and

produced without lawful authority, to wit, LEMUS transferred ten

identification documents that falsely appeared to be, but were

not, issued by or under the authority of the United States.

    (Title 18, United States Code, Section 1028(a)(2).)


FOREPERSON

MICHAEL J. GARCIA
United States Attorney

EXHIBIT B

REQUESTED BY:  LAIRD, KEVIN

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T   O F   I N V E S T I G A T I O N | TECS ACCESS CODE: ███ |
|---|---|
| | PAGE    1 |
| | CASE NUMBER: ████ |

TITLE: ████████████████

CASE STATUS:   DISP PENDNG

| REPORT DATE<br>071807 | DATE ASSIGNED<br>████ | PROGRAM CODE<br>████ | REPORT NO.<br>████ |
|---|---|---|---|

RELATED CASE NUMBERS:

COLLATERAL REQ:

TYPE OF REPORT:
INVESTIGATIVE FINDINGS

TOPIC: ARREST AND ARRAIGNMENT OF OSCAR LEMUS ON 06122007:  CASE PENDING

SYNOPSIS:

REDACTED

| DISTRIBUTION:<br>████ | SIGNATURE:<br>LAIRD          KEVIN          SPECIAL AGENT |
|---|---|
| | APPROVED:<br>MOONEY        JAMES          RAC-RESIDENT AGENT IN |
| | ORIGIN OFFICE: LL<br>CASTLE POINT, NY - R | TELEPHONE: ████ |
| | TYPIST: LAIRD |

O F F I C I A L   U S E   O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY ICE | PAGE   2 |
|---|---|
| R E P O R T   O F   I N V E S T I G A T I O N   C O N T I N U A T I O N | CASE NUMBER █████████ |
| | REPORT NUMBER: █████ |

DETAILS OF INVESTIGATION:

**REDACTED**

SUBJECT Oscar
LEMUS was asked if he would voluntarily come to the Stony Point Police
Department and answer a few questions.  SUBJECT Oscar LEMUS agreed and was
transported to the Stony Point Police Department.

At approximately 1200 hours, SUBJECT Oscar LEMUS was interviewed regarding his
alienage and deportabilty.  SUBJECT Oscar LEMUS verified that he was a native
and citizen of El Salvador and had been granted Temporary Protective Status
(TPS) and employment authorization.  At this point, SUBJECT Oscar LEMUS was
advised that there were other questions that needed to be asked.  SUBJECT
Oscar LEMUS stated that he would be willing to answer questions but would feel
more comfortable if he could have a Spanish language interpreter.
Arrangements were made with the Stony Point Police Department and a native
Spanish speaking Officer responded.  At this time, SUBJECT Oscar LEMUS was
read his Miranda warnings.  SUBJECT Oscar LEMUS again agreed to answer our
questions as best he could.

**REDACTED**

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
F THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
ISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
O ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | PAGE    3 |
|---|---|
| | CASE NUMBER ███████ |
| | REPORT NUMBER: ███ |

**REDACTED**

SUBJECT Oscar LEMUS was advised that there was evidence that he had been
providing fraudulent documents to illegal aliens.  SUBJECT Oscar LEMUS was
asked if that was true.  SUBJECT Oscar LEMUS stated that yes he had helped
family members obtain fraudulent documents.  SUBJECT Oscar LEMUS was advised
that there was evidence that he had been providing fraudulent documents to
people other than relatives.  SUBJECT Oscar LEMUS stated that yes he had
provided fraudulent documents to people other than relatives.  SUBJECT Oscar
LEMUS was asked how many people he had provided documents to in the last few
months.  SUBJECT Oscar LEMUS stated that he had provided fraudulent documents
to around fourteen people.

**REDACTED**

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
F THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
ISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
O ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O ɴ L Y

| DEPARTMENT OF HOMELAND SECURITY ICE | PAGE    4 |
| R E P O R T   O F   I N V E S T I G A T I O N  C O N T I N U A T I O N | CASE NUMBER |
| | REPORT NUMBER: |

REDACTED

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
F THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
ISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
O ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

EXHIBIT C



**SPRING VALLEY POLICE DEPARTMENT**
**ANTI-CRIME UNIT**
**REPORT OF INVESTIGATION –**
**Continuation Sheet**



TITLE OF INVESTIGATION:

CASE NUMBER:

REPORT NUMBER:



Spring Valley Police Department
**IMAGE ARRAY**
Label:
Created By:          BELTEMPO, John
Date: 02/03/2007

Report Date: 02/03/2007 19:06
Report Printed By: MCWILLIAMS, Daniel
Page: 1 of 1



SV EX N-1b

EXHIBIT D

Approved: _____

RICHARD C. TARLOWE
Assistant United States Attorney

Before:    HONORABLE MARK D. FOX
           United States Magistrate Judge
           Southern District of New York

**COPY**

- - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :    **COMPLAINT**
                                  :
        - v. -                    :    Violation of
                                  :    18 U.S.C. § 1028
OSCAR LEMUS,                      :
                                  :    COUNTY OF OFFENSE:
            Defendant.            :    Rockland
                                  :
- - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        KEVIN LAIRD, being duly sworn, deposes and says that he
is a Special Agent with the Department of Homeland Security,
Immigration and Customs Enforcement, and charges as follows:

### COUNT ONE

        On or about February 11, 2007, in the Southern District
of New York and elsewhere, OSCAR LEMUS, the defendant,
unlawfully, wilfully, and knowingly transferred an identification
document, authentication feature, and false identification
document, knowing that such document or feature was stolen and
produced without lawful authority, to wit, LEMUS transferred two
fraudulent identification documents that appeared to be a social
security card and employment authorization card issued by or
under the authority of the United States.

        (Title 18, United States Code, Section 1028(a)(2).)

### COUNT TWO

        On or about March 3, 2007, in the Southern District of
New York and elsewhere, OSCAR LEMUS, the defendant, unlawfully,
wilfully, and knowingly transferred an identification document,
authentication feature, and false identification document,
knowing that such document or feature was stolen and produced
without lawful authority, to wit, LEMUS transferred ten
fraudulent identification documents that appeared to be social
security cards, employment authorization cards, and permanent

resident cards issued by or under the authority of the United States.

(Title 18, United States Code, Section 1028(a)(2).)

The bases for my knowledge and for the foregoing charges, are, in part, as follows:

1.  I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, and I have been involved in the investigation of the above-described offense.  I am familiar with the facts and circumstances set forth below from my personal participation in the investigation, my review of pertinent documents, and from my conversations with other individuals, including other law enforcement officers. Because this affidavit is submitted for the limited purpose of demonstrating probable cause, I have not included details of every aspect of the investigation.  Where I relate statements, conversations, and actions of others, those statements, conversations, and actions are related in substance and in part, except where otherwise indicated.

2.  On or about February 10, 2007, another law enforcement officer was advised by a confidential source ("CS") that the CS had spoken to OSCAR LEMUS, the defendant, for the purpose of ordering two fraudulent identification documents – namely, a fraudulent worker's authorization card and social security card.  Later that day, during a phone call that was recorded by law enforcement officers, LEMUS told the CS that the documents would cost $90 and that the CS should meet LEMUS at his residence in Orangeburg, New York the following day to obtain the documents.  During the same call, LEMUS also informed the CS that the CS would need to provide a passport-size photograph.

3.  On or about February 11, 2007, the CS was equipped with a recording device and provided with $90 in United States currency by law enforcement officers.  Officers observed the CS meet with LEMUS in Orangeburg, New York, then drive with LEMUS to Queens, New York, where he entered and exited a building, and then return with LEMUS to Orangeburg, New York.  Shortly thereafter, law enforcement officers recovered from the CS two fraudulent documents that appeared to be a social security card and worker's authorization card issued by or under the authority of the United States.  The CS advised officers that LEMUS had provided the documents to the CS.  Law enforcement officers subsequently examined these documents and determined that they had not been issued by or under the authority of the United States.

- 2 -

 

 

WHEREFORE, the deponent prays that OSCAR LEMUS, the defendant, be imprisoned or bailed, as the case may be.

_____
KEVIN LAIRD
Special Agent
Department of Homeland Security,
Immigration and Customs Enforcement

Sworn to before me this
13th day of JUNE 2007


_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

EXHIBIT E



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

September 5, 2007

BY HAND

Christopher Riley, Esq.
56 Greenridge Ave.
White Plains, New York 10605

      Re:    United States v. Oscar Lemus, 07 Cr. 732 (SCR)

Dear Mr. Riley:

This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.

<u>Disclosure By the Government</u>

Based on your request of August 23, 2007, I am enclosing copies of the following:

1. The false identification documents that form the basis of the charges in the above matter;

2. The names and photographs supplied to the defendant to be used for the false identification documents;

3. A photo array in which the defendant was identified;

4. A report containing statements made by the defendant to law enforcement authorities; and

5. A CD containing recordings of a phone call and two meetings in which the defendant participated.

In addition, the identification documents and photographs referenced above are available for your inspection. Please let me know if you wish to inspect these items, and I will make the necessary arrangements.

The Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any *Brady* material regarding your

client, but will provide timely disclosure if any such material comes to light. The Government will provide material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner.

## Disclosure By the Defendant

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that under Fed. R. Crim. P. 12.2 and 12.3, you must provide the Government with written notice of certain defenses. If the defendant plans to use one of the defenses referenced in those rules, the Government demands that notice be provided within the time period allowed by the Court for the filing of motions.

## Sentence Reduction for Acceptance of Responsibility

Please be advised that unless a disposition is reached on a timely basis prior to trial, this Office reserves the right to oppose both the two-point reduction under the Sentencing Guidelines for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and the additional one-point reduction available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty sufficiently in advance of trial.

2

Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____

Richard C. Tarlowe
Assistant United States Attorney
(914) 993-1963



**SPRING VALLEY POLICE
DEPARTMENT**
ANTI-CRIME UNIT
REPORT OF INVESTIGATION –
Continuation Sheet



**TITLE OF INVESTIGATION:**

**CASE NUMBER:**

**REPORT NUMBER:**

SV EX N-2c





|  | **SPRING VALLEY POLICE DEPARTMENT**<br>**ANTI-CRIME UNIT**<br>**REPORT OF INVESTIGATION –**<br>**Continuation Sheet** |  |
|---|---|---|

**TITLE OF INVESTIGATION:**

| **CASE NUMBER:** | **REPORT NUMBER:** |
|---|---|

N–3b





N–3c





N–3d



0

 

**SPRING VALLEY POLICE DEPARTMENT**
**ANTI-CRIME UNIT**
**REPORT OF INVESTIGATION –**
**Continuation Sheet**

TITLE OF INVESTIGATION:

CASE NUMBER:

REPORT NUMBER:

N-3e



N-3f

 

| | SPRING VALLEY POLICE DEPARTMENT<br>ANTI-CRIME UNIT<br>REPORT OF INVESTIGATION –<br>Continuation Sheet | |
|---|---|---|

**TITLE OF INVESTIGATION:**

**CASE NUMBER:** | **REPORT NUMBER:**

N–3g



B        C        D        E

F



NC ① LUIS AGUILAR MENDOZA   04/17/82 E..
PC ② LEO ANTONIO RAMIREZ   11 20/79 Gu
PC ③ SALVADOR RUIZ-LEMA   04 11/74 Gu
PC ④ JOSE GONZALEZ-SANCHEZ   11 1/85 G..
PC ⑤ RICARDO PERDOMO SALDIVA  04/21/87

|  | **SPRING VALLEY POLICE DEPARTMENT**<br>**ANTI-CRIME UNIT**<br>**REPORT OF INVESTIGATION –**<br>**Continuation Sheet** |  |
|---|---|---|

**TITLE OF INVESTIGATION:**

**CASE NUMBER:** | **REPORT NUMBER:**

 Spring Valley Police Department
**IMAGE ARRAY**
Label:
Created By:        BELTEMPO, John
Date: 02/03/2007

Report Date: 02/03/2007 19:06
Report Printed By: MCWILLIAMS, Daniel
Page: 1 of 1





SV EX N-1b

REQUESTED BY:  LAIRD, KEVIN
O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY ICE | TECS ACCESS CODE: ███ |
|---|---|
| R E P O R T   O F   I N V E S T I G A T I O N | PAGE    1 |
| | CASE NUMBER: ███████ |

TITLE: ████████████████████

CASE STATUS:   DISP PENDNG

| REPORT DATE 071807 | DATE ASSIGNED ████ | PROGRAM CODE ████ | REPORT NO. ████ |
|---|---|---|---|

RELATED CASE NUMBERS:

COLLATERAL REQ:

TYPE OF REPORT:
INVESTIGATIVE FINDINGS

TOPIC: ARREST AND ARRAIGNMENT OF OSCAR LEMUS ON 06122007:   CASE PENDING

SYNOPSIS:

REDACTED

| DISTRIBUTION: ████ | SIGNATURE:     [signature] LAIRD          KEVIN          SPECIAL AGENT |
|---|---|
| | APPROVED:      [signature] MOONEY         JAMES          RAC-RESIDENT AGENT IN |
| | ORIGIN OFFICE: LL CASTLE POINT, NY - R | TELEPHONE: ████ |
| | | TYPIST: LAIRD |

O F F I C I A L   U S E   O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| | |
|---|---|
| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | PAGE    2<br><br>CASE NUMBER ████████████<br><br>REPORT NUMBER: ██████ |

DETAILS OF INVESTIGATION:

**REDACTED**

                                                                      SUBJECT Oscar
LEMUS was asked if he would voluntarily come to the Stony Point Police
Department and answer a few questions.  SUBJECT Oscar LEMUS agreed and was
transported to the Stony Point Police Department.

At approximately 1200 hours, SUBJECT Oscar LEMUS was interviewed regarding his
alienage and deportabilty.  SUBJECT Oscar LEMUS verified that he was a native
and citizen of El Salvador and had been granted Temporary Protective Status
(TPS) and employment authorization.  At this point, SUBJECT Oscar LEMUS was
advised that there were other questions that needed to be asked.  SUBJECT
Oscar LEMUS stated that he would be willing to answer questions but would feel
more comfortable if he could have a Spanish language interpreter.
Arrangements were made with the Stony Point Police Department and a native
Spanish speaking Officer responded.  At this time, SUBJECT Oscar LEMUS was
read his Miranda warnings.  SUBJECT Oscar LEMUS again agreed to answer our
questions as best he could.

**REDACTED**

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
F THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
ISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
O ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | PAGE    3 |
|---|---|
| | CASE NUMBER ▉▉▉▉▉▉▉ |
| | REPORT NUMBER: ▉▉▉▉ |

**REDACTED**

SUBJECT Oscar LEMUS was advised that there was evidence that he had been providing fraudulent documents to illegal aliens. SUBJECT Oscar LEMUS was asked if that was true. SUBJECT Oscar LEMUS stated that yes he had helped family members obtain fraudulent documents. SUBJECT Oscar LEMUS was advised that there was evidence that he had been providing fraudulent documents to people other than relatives. SUBJECT Oscar LEMUS stated that yes he had provided fraudulent documents to people other than relatives. SUBJECT Oscar LEMUS was asked how many people he had provided documents to in the last few months. SUBJECT Oscar LEMUS stated that he had provided fraudulent documents to around fourteen people.

**REDACTED**

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O ɴ L Y

| | |
|---|---|
| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | PAGE    4<br><br>CASE NUMBER ███████<br><br>REPORT NUMBER: ███ |

REDACTED

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
F THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
ISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
O ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

EXHIBIT F

**CHRISTOPHER RILEY**
ATTORNEY AT LAW
56 GREENRIDGE AVE.
WHITE PLAINS, NY 10605
(914) 428-4010

August 23, 2007

Richard Tarlowe, Esq.
United States Attorneys Office
300 Quarropas Street
White Plains, New York 10601

Re:    **United States v. Oscar Lemus**
       **Case No. 07 Cr. 732**

Dear Mr. Tarlowe:

Pursuant to Fed. R. Crim. P. 12(d)(2), 16(a), and 26.2, *Brady v. Maryland,* 373 U.S. 83 (1963), and all other applicable rules and statutes, I am writing to request discovery in the above-captioned case.

I request discovery as follows:

(1) The Defendant's Statements Under Fed. R. Crim. P. 16 (a)(1)(A), the defendant is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any statements contained in the handwritten notes of any government agent; any response to any *Miranda* warnings which may have been given to the defendant; *see U.S.* v. *McElroy,* 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u> The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding her arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which

1

statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1 )(A) and *Brady* v. *Maryland,* 373 U.S. 83 (1963). *See also Loux* v. *U.S.,* 389 F.2d 911 (9th Cir. 1968); *U.S.* v. *Johnson,* 525 F.2d 999 (2d Cir. 1975); *Us.* v. *Lewis,* 511 F.2d 798 (D.C. Cir. 1975); *U.S. v. Pilniek,* 267 F. Supp. 791 (S.D.N.Y. 1967).

Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(1); Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time;

(3) <u>Reports of Scientific Tests or Examinations</u> Pursuant to Fed. R. Crim. P. 16(a)(1)(D), defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial;

(4) <u>The Defendant's Prior Record</u> The defendant requests, under Fed. R. Crim. P. 16(a)(1 )(B), that the government provide a copy of the defendant's prior criminal record, if any, as within possession, custody or control of the government;

(5) <u>Bradv Material</u> The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within *Brady's* definition of evidence favorable to the accused. *U.S. v. Bagley,* 473 U.S. 667 (1985); *U.S.* v. *Agurs,* 427 U.S. 97 (1976);

(6) <u>Evidence Seized</u> Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and is hereby requested;

(7) <u>Request for Preservation of Evidence</u> The defendant specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved;

(8) <u>Tangible Objects</u> The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible

2

objects, including alleged contraband, photographs, books, papers, documents, photographs, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case in-chief, or were obtained for or belong to the defendant;

(9) Information Regarding Informants and Cooperating Witnesses The defendant requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to the defendant. *Roviaro* v. *U.S.,* 353 U.S. 53 (1957);

(10) Evidence of Bias or Motive to Lie The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania* v. *Ritchie,* 480 U.S. 39 (1987); *U.S.* v. *Strifler,* 851 F.2d 1197 (9th Cir. 1988);

(11) Impeachment Evidence The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. *See* Fed. R. Evid. 608,609 and 613. Such evidence is discoverable under *Brady,* 373 U.S. at 83. *See U.S.* v. *Strifler,* 851 F.2d 1197 (9th Cir. 1988) (witness' prior record), *Thomas* v. *U.S..,* 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(12) Evidence of Criminal Investigation of Any Government Witness The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *U.S.* v. *Chitty,* 760 F.2d 425 (2d Cir.), *cert. denied,* 474 U.S. 945 (1985);

(13) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *U.S. v. Strifler,* 851 F.2d 1197 (9th Cir. 1988); *Chavis* v. *North Carolina,* 637 F.2d 213, 224 (4th Cir. 1980);

(14) Names of Witnesses Favorable to the Defendant The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant. *Jackson v. Wainright,* 390 F.2d 288 (5th Cir. 1968); *Chavis* v. *North Carolina,* 637 F.2d 213, 223 (4th Cir. *1980); Jones* v. *Jago,* 575 F.2d 1164, 1168 (6th Cir.), *cert. denied,* 439 U.S. 883

3

(1978); *Hudson v. Blackburn,* 601 F.2d 785 (5th Cir. 1979), *cert. denied,* 444 U.S. 1086 (1980);

(15) <u>Statements Relevant to the Defense</u> The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *U.S .v. Baillcaux,* 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements by percipient witnesses;

(16) <u>Jencks Act Material</u> The defense requests all material to which defendant is entitled se pursuant to the *Jencks,* 18 U.S.C. §3500, and Fed. R. Crim. P. 26.2. The defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any *Jencks* statements and prepare for cross-examination;

(17) *Giglio* <u>Information</u> Pursuant to *Giglio v. Us.,* 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(18) <u>Government Examination of Law Enforcement Personnel Files</u> The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential informant in this case. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn,* 931 F.2d 29 (9th Cir. 1991*). See U.S. v. Jennings,* 960 F.2d 1488, 1492 (9th Cir. 1992).

(19) Pursuant to Fed. R. Crim. P. 16(a)(1)(E), the defendant requests disclosure of the identities, qualifications, and testimony of any expert witnesses the government intends to call at trial.

Thank you for your assistance in this matter.

Very truly yours,

CHRISTOPHER RILEY

CR/lm

4