UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================X
UNITED STATES OF AMERICA,

                                                    Indictment No. 07 Crim. 732

            - against -

OSCAR LEMUS,

                    Defendant.
================================X


**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S PRE-TRIAL MOTION**


**CHRISTOPHER RILEY, ESQ.**
Attorney for Defendant
56 Greenridge Avenue
White Plains, NY 10605
914/428-4010

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES

    CASES       iii

    STATUTES       v

POINT 1

    MOTION FOR BILL OF PARTICULARS       1

POINT 2

    MOTION FOR DISCLOSURE       1

    (a)    DISCLOSURE GENERALLY       1

    (b)    DISCLOSURE OF THE IDENTITY OF THE INFORMANT       3

    (c)    DEFENDANT'S STATEMENTS       4

    (d)    DISCOVERY OF GOVERNMENT PERSONNEL FILES       4

    (e)    DISCLOSURE OF F.R.E. 403 AND F.R.E. 404(b) EVIDENCE AND HEARING THEREON AND DEFENDANT'S PRIOR RECORD       4

    (f)    MOTION FOR EXCULPATORY EVIDENCE       5

    (g)    DISCLOSURE OF WITNESS STATEMENTS       11

    (h)    DISCLOSURE OF WITNESS LIST       11

    (i)    DISCLOSURE OF IMPEACHMENT INFORMATION       11

POINT 2

       (j)    EXPERT SUMMARIES               12

       (k)    TEST RESULTS                 12

POINTS 3-4-5

PROBABLE CAUSE HEARING RELATIVE TO
ARREST AND SUPPRESSION OF STATEMENTS     12

POINT 6

HEARING RELATIVE TO IDENTIFICATION
OF DEFENDANT     13

POINT 7

AUDIBILITY HEARING/TRANSCRIPTS     14

POINT 8

DISMISSING THE INDICTMENT FOR IMPROPER VENUE     14

POINT 9

DISMISSAL AND/OR HEARING BASED UPON
VIOLATION OF DUE PROCESS AND/OR ENTRAPMENT     15

POINT 10

ADDITIONAL MOTIONS     16

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

***Brady v. Maryland***, 373 U.S. 83 (1963)                                          5, 6

***Dunaway v. New York***, 442 U.S. 200 (1979)                               12

***Giglio v. United States***, 405 U.S. 150 (1972)                            2, 3, 11

***Jackson v. Denno***, 378 U.S. 368 (1964)                                      12, 13

***Johnson v. Brewer***, 521 F.2d 556 (8th Cir. 1975)                    3

***Kyles v. Whitley***, 514 U.S. 419 (1995)                                       10

***Labensky v. County of Nassau***, 6 F. Supp.2d 161 (EDNY 1998)   15

***Miranda v. Arizona***, 384 U.S. 436 (1966)                                  13

***People v. Huntley***, 15 N.Y.2d 72 (1965)                                    12, 13

***People v. Isaacson***, 44 N.Y.2d 511, 378 N.E.2d 78 (1978)         15

***Roviaro v. United States***, 353 U.S. 53 (1957)                           3

***Strickler v. Greene***, 527 U.S. 263 (1999)                                  5

***Wong Tai v. United States***, 273 U.S. 77 (1927)                         1

***United States v. Agurs***, 427 U.S. 97 (1976)                              5

***United States v. Angotti***, 105 F.3d 539 (9th Cir. 1997)          14

***United States v. Archer***, 486 F.2d 670 (2nd Cir. 1973)          6, 15

***United States v. Auten***, 632 F.2d 478 (5th Cir. 1980)            3

***United States v. Bagley***, 473 U.S. 667 (1985)                          5

*United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993)    12

*United States v. Bortnovsky*, 820 F.2d 572 (2nd Cir. 1987)    1

*United States v. Bryant*, 480 F.2d 785 (2nd Cir. 1973)    14

*United States v. Buchanan*, 585 F.2d 100 (5th Cir. 1978)    12

*United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984)    11

*United States v. Carrier*, 672 F.2d 300 (2nd Cir. 1982)    1

*United States v. Chitty*, 760 F.2d 425 (2nd Cir. 1985)    2

*United States v. Cuervelo*, 949 F.2d 559 (2nd Cir. 1991)    15

*United States v. Fowler*, 465 F.2d 664 (DC Cir. 1972)    4

*United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976)    3

*United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991)    2, 4

*United States v. Konefal*, 566 F. Supp. 698 (NDNY 1983)    4

*United States v. Jimenez*, 613 F.2d 1373 (5th Cir. 1980)    5

*United States v. Johnson*, 525 F.2d 999 (2nd Cir. 1975)    2

*United States v. Jordan*), 316 F.3d 1215 (11th Cir. 2003)    6

*United States v. Kampiles*, 609 F.2d 1233 (7th Cir. 1979)    15
cert. den. 446 U.S. 954 (1980)

*United States v. Kelly*, 420 F.2d 26 (2nd Cir. 1969)    12

*United States v. Ordonez*, 737 F.2d 793 (9th Cir. 1984)    3

*United States v. Ramirez*, 602 F. Supp. 783 (SDNY 1985)    1

*United States v. Rawlinson*, 487 F.2d 5 (9th Cir. 1973)
cert. den. 415 U.S. 984 (1974)    3

*United States v. Richtner*, 488 F.2d 170 (9t Cir. 1973)    11

*United States v. Strifler*, 851 F.2d 1997 (9th Cir. 1988)                2

*United States v. Taylor*, 707 F. Supp. 696 (SDNY 1989)                4

*United States v. Twigg*, 588 F.2d 373 (3rd Cir. 1978)                15

*United States v. Villa*, 370 F. Supp. 515 (D.C. Conn. 1974)                4

*United States v. Wade*, 388 U.S. 218 (1967)                13

*United States v. Wang*, 1999 WL 138930 (SDNY 1999)                10

*United States v. White*, 611 F.2d 531 (5th Cir. 1980)
cert. den. 446 U.S. 992 (1980)                15

## **Statutes**

18. U.S.C. 3501(c)                13

F.R.C.P. Rule 12(b)(1)                3

F.R.C.P. Rule 7(f)                1

F.R.C.P. Rule 12(c)                16

F.R.C.P. Rule 16(a)(1)(B)                4

F.R.C.P. Rule 16(a)(1)(C)                3

F.R.C.P. Rule 16(a)(1)(D)                5, 12

F.R.C.P. Rule 16(a)(1)(E)                1, 12

F.R.C.P. Rule 18                15

F.R.C.P. Rule 26.2                10

F.R.C.P. Rule 47(c)                16

F.R.E. 403                4, 5

F.R.E. 404(b)                4, 5

1.      **MOTION FOR BILL OF PARTICULARS**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may direct the Government to file a bill of particulars.  A bill of particulars should be provided when necessary to inform a defendant of the charge against him with sufficient precision to enable him to prepare for his defense, and to avoid or minimize the danger of surprise at trial (***Wong Tai v. United States***, 273 U.S. 77 (1927), ***United States v. Bortnovsky***, 820 F.2d 572 (2nd Cir. 1987)).  Where, as here, the evidentiary specifics are absent from an indictment, a bill of particulars is used to obtain "the evidentiary details needed to establish a defense" (***United States v. Carrier***, 672 F.2d 300 (2nd Cir. 1982); *see also*, ***United States v. Ramirez***, 602 F. Supp. 783 (SDNY 1985)).  The defense requests are simple and straight forward and are necessary for the defense to prepare for trial to meet these charges.

Additionally, of note is the fact that the allegations contained here are vague geographically limiting themselves to somewhere "in the Southern District of New York and elsewhere" (see Exhibits "A" and "D"), "Queens, New York" (see Exhibit "D") and "Rockland County" (see Exhibit "A").  With such vague geographical references, there is no way that defendant can prepare any defense much less make a determination as to the existence of any alibi defense or determine venue, especially where as here the major acts appear to be alleged to have occurred in the Eastern District.

2.      **MOTION FOR DISCLOSURE**

(a)      **DISCLOSURE GENERALLY**

Rule F.R.C.P. 16(a)(1)(E), upon a defendant's request, the Government must disclose and permit inspection and the copying of any of those items the Government intends to use in its case-in-chief at trial.  Additionally, other items of discovery should be provided depending on

the given case.  In this case, it is anticipated that the Government may be calling witnesses who have prior criminal records or who have been involved in criminality and who have agreed to cooperate with the Government in this case and in other investigations, including, but not limited to, the Confidential Source (hereinafter "CS"), who, according to the Felony Complaint (see Exhibit "D"), was a material participant having allegedly transported defendant to the scene of the crime.

The defense requests that the Court direct the Government to provide copies of any evidentiary exhibits it intends to offer at trial, before trial, so that such items can be reviewed by the defense.  Also, any evidence bearing on the credibility of any potential government witness at trial should be disclosed to the defense (*United States v. Strifler*, 851 F.2d 1997 (9th Cir. 1988); *United States v. Chitty*, 760 F.2d 425 (2nd Cir. 1985); *Giglio v. United States*, 405 U.S. 150 (1972)), including, but not limited to their criminal records, probation files, arrest records, any information concerning any pending criminal investigation, any written or oral promises of consideration or benefits given any witness together with their psychiatric records and records establishing addictions, including alcoholism.  The examination for and production of any law enforcement file or report which contains impeachment material of any potential witness should be directed by this Court (*see*, *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991)).

Of additional note at the case at bar is that the only evidence supplied to the defense indicating defendant made any inculpatory statement is the mention of same in a certain heavily redacted report, a copy of which is attached to the instant motion as Exhibit "E".  It is respectfully submitted that the totality of the report will contain additional evidence material and relevant to the case at bar, including, but not limited to, matters such as the time of the arrest, the time of the alleged statement, the circumstances surrounding the arrest of defendant and related

matters. It is respectfully submitted that defendant is likewise entitled to a report summarizing interviews and memoranda relative to the alleged oral statement, *United States v. Johnson*, 525 F.2d 999 (2nd Cir. 1975) as well as rough notes relative to same. *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976), as well as any report generated from the time defendant was picked up in Stony Point, New York until such time as he was brought to the Federal District Court in White Plains, New York.

Furthermore, demand is made pursuant to Rule 16(a)(1)(C) for all documents and tangible items within the possession, custody or control of the Government, including, but not limited to, any material obtained from or belonging to the defendant, including, without limitation, any download from defendant's cell phone which was seized by Government at the time of the arrest.

## 2(b)    <u>DISCLOSURE OF THE IDENTITY OF THE INFORMANT</u>

This branch of this motion seeks an order pursuant to F.R.C.P. 12(b)(1) directing the disclosure of the identity of the informant and securing an interview of the informant as well as discovery and bias information relative to such informant.

Of note is the fact that the informant allegedly drove the defendant to the scene of the crime; allegedly received the contraband from defendant; allegedly supplied the money for the purchase of the documents; and allegedly had conversations with the defendant. Where as here the alleged CS was a percipient witness to or directly participated in the criminal transaction, the defendant is entitled to his identity (*United States v. Ordonez*, 737 F.2d 793 (9th Cir. 1984); *Roviaro v. United States*, 353 U.S. 53 (1957)). At a minimum, an *in camera* hearing must be held (*United States v. Rawlinson*, 487 F.2d 5 (9th Cir. 1973) cert. den. 415 U.S. 984 (1974)). Additionally, the informant's prior record must be produced (*United States v. Auten*, 632 F.2d

478 (5th Cir. 1980); all promises of consideration given to the witness (***Giglio v. United States***, 405 U.S. 150 (1972); identification of the informant's prior testimony (***Johnson v. Brewer***, 521 F.2d 556 (8th Cir. 1975); and any evidence of an informant's narcotic or other addiction habits (***United States v. Fowler***, 465 F.2d 664 (DC Cir. 1972)).

## 2(c)    DEFENDANT'S STATEMENTS

Pursuant to F.R.C.P. 16(a)(1)(B) defendant is entitled to defendant's statements and any documents reflecting any summaries thereof. This includes any reports thereon, covers any statements to any person, and includes both pre and post arrest statements, includes recordings, written statements, or reports constituting summaries, and is an automatic right. ***United States v. Villa***, 370 F. Supp. 515 (D.C. Conn. 1974). This should include logs of <u>all</u> telephone conversations placed by any government agents to defendant. *See*, ***United States v. Konefa***l, 566 F. Supp. 698 (NDNY 1983). This should also include any recordings thereof and the means of obtaining the information. ***United States v. Taylor***, 707 F. Supp. 696 (SDNY 1989).

## 2(d)    DISCOVERY OF GOVERNMENT PERSONNEL FILES

Pursuant to ***United States v. Henthorn***, 931 F.2d 29 (9th Cir. 1991) cert. den. 503 U.S. 972 (1992), demand is made for personnel files relative to any government witness which the prosecution intends to call at trial. Notable is the fact that defendant has no burden to make an initial showing of materiality (*see*, ***United States v. Henthorn***, *supra*). However, in the case at bar, it is respectfully submitted that materiality is established by virtue of the fact that despite the obvious availability of tape recording and video recording devices, the purported inculpatory statements by defendant are recorded only in a report by the arresting officer, and were not preserved on audiotape, videotape, or in a signed statement. Thus, the credibility of the officer alleging such statement was made becomes very much an issue.

**2(e)    DISCLOSURE OF F.R.E. 403 AND F.R.E. 404(b) EVIDENCE
AND HEARING THEREON AND DEFENDANT'S PRIOR RECORD**

The defense requests that the Court direct the Government to make disclosure of any such evidence they anticipate offering at trial at least thirty (30) days prior to jury selection relative to any alleged prior bad acts or convictions and/or any acts purporting to establish defendant's propensity to commit the instant crimes.

As contemplated by Rule 404(b) of the Federal Rules of Evidence, the prosecution in a criminal case shall provide reasonable notice in advance of trial when they intend to offer such evidence.  This procedure slows the defendant the opportunity to be heard concerning any objection to the introduction of such evidence.  This early disclosure will permit the Court to hear arguments prior to trial, concerning the admissibility of this evidence, and to perform the analysis required under F.R.E. 403 and 404(b) and the underlying case law.

Of note is that the arresting officer alleges in his report that defendant made statements admitting to prior sales to family members while he was being questioned after his arrest.  See Exhibit "B" hereto.  In addition to requiring hearings as to the voluntariness of any such statements, in the event the prosecution wishes to offer any such evidence either to establish prior bad acts or propensity, a hearing must be held.  *United States v. Jimenez*, 613 F.2d 1373 (5th Cir. 1980).

Relatedly, F.R.C.P. 16(a)(1)(D) requires production by the government of defendant's prior record which to date has not been received and demand for which has been made.

**2(f)    MOTION FOR EXCULPATORY EVIDENCE**

There is an affirmative duty upon the prosecution to produce evidence that is favorable to the accused, either as direct or impeaching evidence, and the suppression of such evidence is a violation of Due Process (*Brady v. Maryland*, 373 U.S. 83 (1963)).  Disclosure is required even

without a request by the defendant, and it includes impeachment evidence, and evidence is the files of the police even if not known to the prosecutor (*United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Strickler v. Greene*, 527 U.S. 263 (1999)). If it is debatable whether material constitutes *Brady* material, the material should be submitted to the Court for *in camera* inspection (*United States v. Jordan*, 316 F.3d 1215 (11th Cir. 2003)).

It is believed that law enforcement agents have conducted many field interviews of various individuals concerning the investigation which has resulted in the instant indictment. The Government may choose not to call all of these individuals as witnesses in this case. Therefore, the interview notes and reports concerning these individuals will not otherwise be disclosed to the defense. These items may contain information which will be beneficial to the defendant and his defense. The Government should be directed to review these items and disclose those which fall within the parameters of *Brady* and its progeny. If the Government has some question whether these items should be disclosed they should seek the Court's guidance.

It is further submitted that in the case at bar, the Government involvement in any alleged crime was so extensive and outrageous that Due Process prohibits the conviction of the defendant within the meaning of *United States v. Archer*, 486 F.2d 670 (2nd Cir. 1973). Thus, it is submitted that *Brady* material should properly include any evidence which would tend to establish any or all of the following facts:

(a)    that the CS was known by the Government to be an alcoholic;

(b)    that the CS had prior arrests for driving while intoxicated;

(c)    that the CS had prior convictions for driving while intoxicated;

(d)    that at the time the CS was approached by the Government, he had pending against him a further charge of driving while intoxicated;

(e)     that because of prior conviction for driving while intoxicated, the charge against the CS was a felony;

(f)     that the CS was a legal immigrant;

(g)     that if convicted, the CS would be subject to deportation;

(h)     that said Felony Driving While Intoxicated charge was eventually reduced to Disorderly Conduct as a violation;

(i)     that said disposition was an illegal plea within the meaning of NY VTL §1192;

(j)     that said plea occurred on or about the 8th day of February 2007;

(k)     that the CS was advised by federal agents that said plea had been authorized in response to requests by federal agents in exchange for cooperation by the CS with the federal agents;

(l)     that prior to February 8, 2007, the CS had already made numerous telephone calls to defendant at the request of the federal agents;

(m)     that on February 10, 2007, the CS made the telephone call to the defendant which is recorded on the compact disc supplied by the prosecution;

(n)     that at approximately 6:00 a.m. one morning four federal agents appeared at the home of the CS;

(o)     that the aforementioned federal agents pushed passed the wife of the CS and entered into the bedroom of the CS while the CS was sleeping;

(p)     that the CS was ordered to remain in bed while the Government seized his passport, green card, and work permit;

(q)     that the CS was taken in the back of a minivan belonging to the Department of Homeland Security to an office, said transportation being under the color of authority;

(r)     that while the CS was in custody, the CS was told that he would be permanently separated from his wife and babies;

(s)     that while the CS was in custody, the CS was told that he could be deported and permanently barred from re-entry to the United States;

(t)     that while the CS was in custody, federal agents did throw on the table a large volume of materials relative to a murder investigation and did advise the CS that if he did not cooperate the CS would be tied to such murder investigation;

(u)     that the CS was advised that if he did cooperate he would not be prosecuted for murder;

(v)     that the CS was threatened with incarceration on his felony DWI charges;

(w)     that the CS was threatened with incarceration on murder charges;

(x)     that the CS was advised that the only way he could avoid deportation, permanent separation from his wife and children, and/or incarceration was to set up Oscar Lemus;

(y)     that the CS was advised by federal agents that Oscar Lemus was not the ultimate target of their investigation but rather that they merely wanted Oscar Lemus tied to any crime so that they could in turn cause Oscar Lemus to set up a third party;

(z)     that the CS was advised he could engage in any tactics he deemed appropriate since he would not have to testify against Oscar Lemus in open court;

(aa)    that the CS was advised that Oscar Lemus would be deported and as such Oscar Lemus would never hear of the tactics utilized by the CS to entrap Oscar Lemus;

(bb)    that the federal agents knew or reasonable should have known that the CS was unreliable;

(cc)    that the federal government knew or reasonably should have know that in light of the pressure placed on the CS by the federal agents that the CS would engage in inappropriate, improper and/or unlawful conduct to induce entrap and/or lie about the involvement of defendant;

(dd)    that the federal agents knew or reasonably should have known that by virtue of the alcoholism of the CS and/or the immigration status of the CS and/or the pressure brought to bear on the CS that the CS would lie, be unreliable, engage in inappropriate conduct, improperly induce defendant to engage in unlawful conduct, improperly entrap the defendant and/or otherwise engage in illegal, unconstitutional and/or improper conduct;

(ee)    that by reason of the above, the federal agents knew or reasonably should have known that fairness and justice dictated that all telephone calls and contacts between the CS and the defendant be monitored, recorded and/or otherwise preserved and supervised;

(ff)    that the federal agents failed to do so and/or failed to turn over the to defense counsel any such additional contacts and/or telephone calls;

(gg)    that the federal agents did provide monies to the CS for the purposes of the CS buying the documents referred to in the Indictment;

(hh)    that the CS was a paid informant;

(ii)    that the federal agents knew that Oscar Lemus had a vehicle which was inoperable;

(jj)    that the federal agents knew that Oscar Lemus wished to travel from the County of Rockland to the County of Queens for the purposes of securing a transmission for said vehicle;

(kk)    that the federal agents arranged for the CS to transport Oscar Lemus to Queens;

(ll)     that arranging said transportation included the provision of a vehicle to the CS by the federal agents for the purposes of transporting Oscar Lemus to Queens;

(mm)   that the federal agents supplied photographs to the CS for the purposes of having the CS secure the documents referred to in the Indictment;

(nn)    that in addition to the telephone conversation on the compact disc supplied by the United States Attorneys Office in the instant litigation, there were approximately nine other telephone calls from the CS to the defendant, which telephone calls were made at the request of the Government;

(oo)    that the purposes of the telephone calls were to induce the defendant to travel with the CS to the County of Queens and/or otherwise induce, entrap and/or create a crime;

(pp)    that the federal authorities know or reasonable should know that any alleged transfer of any of the alleged documents occurred solely within the County of Queens;

(qq)    that the federal authorities herein have intentionally misplaced venue for the purposes of allowing officials within the Southern District to continue to control the subject litigation;

(rr)    that the CS provided all monies to third persons unknown to this defendant for the purposes of procuring the documents referred to in the Indictment;

(ss)    that no profit or attempted profit for the subject transactions was received or requested by defendant;

(tt)    that the CS was fully authorized by the Department of Homeland Security to procure, obtain, cause to be printed, created, and receive the documents referred to in the Indictment;

(uu)    that the relevant documents herein were produced at the direction of the

Department of Homeland Security which has the authority to produce such documents.

Furthermore, where as here the integrity and motive of the CS have been placed in issue

and the CS would have a motive to create evidence against the defendant, all of the CS' prior

statements and any documents relating to them should be turned over.  *See*, ***Kyles v. Whitley***, 514

U.S. 419 (1995).  *Accord*, ***United States v. Wang***, 1999 WL 138930 (SDNY 1999).


**2(g)    DISCLOSURE OF WITNESS STATEMENTS**

Rule 26.2 of the Federal Rules of Criminal Procedure provides that after a witness has

testified on direct examination, the Court, upon motion by a party who did not call the witness,

must order production of any statement of the witness that is in the calling party's possession and

that relates to the subject matter of the witness' testimony.

The Court has broad discretion in the timing of this disclosure based on the need for

judicial economy, and the goals of smoother, efficient court proceedings.  The defense

respectfully requests that the Government be directed to disclosure witness statements at least

thirty (30) days prior to jury selection.  This will allow defense counsel to have adequate

preparation time in reviewing those statements so that witness examination can proceed

efficiently.

**2(h)    DISCLOSURE OF WITNESS LIST**

The Court has authority to direct disclosure of the prosecution's witness list.  ***United***

***States v. Richtner***, 488 F.2d 170 (9th Cir. 1973).  The Court also has the authority to direct

production of a list of all witnesses to the crime even if the prosecution does not intend to call

such witnesses.  *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).  Under the facts of the case at bar, where an issue exists as to what acts were committed by defendant and what acts were committed by the confidential source, it is respectfully submitted that the Government should be required to produce both such lists.

**2(i)**    <u>**DISCLOSURE OF IMPEACHMENT INFORMATION**</u>

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), demand is specifically made for impeachment evidence both relative to the subject CS and/or any other witness.  The Government is required to turn over to defense in discovery all material information casting a shadow on a Government witness' credibility, particularly relative to criminal informants who are cut from untrustworthy cloth and could be responsible for manufacturing evidence and/or lying.  *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993).  In the case at bar, as set forth in the Felony Complaint (see Exhibit "D"), the purported CS was a material participant in the alleged acts having allegedly transported the defendant from the County of Rockland to the County of Queens, and purportedly having supplied the monies to purchase the subject contraband.  Additionally, as alleged in the Felony Complaint (see Exhibit "D"), much of the Government's case is premised upon the allegation that the CS did not have the subject contraband prior to meeting with the defendant but did have the contraband afterwards and the allegation by the CS that the defendant was the source of the subject contraband.  Therefore, impeachment evidence as to the CS becomes material and exculpatory in the case at bar.  Such information should include the informant's criminal history, alcohol abuse history, psychiatric records and promises made to him, including, but not limited to, any evidence connecting the CS to a murder investigation and any promises made to him relative to same.

**2(j)**    <u>**EXPERT SUMMARIES**</u>

F.R.C.P. 16(a)(1)(E) provides for the disclosure by the prosecution of written summaries of expert witness testimony.  Such summaries must be provided to defendant.  **United States v. Kelly**, 420 F.2d 26 (2nd Cir. 1969).

**2(k)     TEST RESULTS**

F.R.C.P. 16(a)(1)(D) provides for the disclosure of test results by the prosecution.  *See*, **United States v. Buchanan**, 585 F.2d 100 (5th Cir. 1978).

**3-4-5.        PROBABLE CAUSE HEARING RELATIVE TO
               ARREST AND SUPPRESSION OF STATEMENTS**

The third, further and fifth prong of the instant motion seeks a probable cause hearing relative to the arrest of the defendant pursuant to **Dunaway v. New York**, 442 U.S. 200 (1979), and an order pursuant to **People v. Huntley**, 15 N.Y.2d 72 (1965) and **Jackson v. Denno**, 378 U.S. 368 (1964) suppressing any statement by defendant as involuntary within the meaning of **Miranda v. Arizona**, 384 U.S. 436 (1966) and an order pursuant to 18 U.S.C. 3501(c) suppressing any statement made by defendant on the basis of the inordinate delay in bringing defendant before a Magistrate Judge or other officer.

As more fully set forth in the annexed affidavit, defendant was in custody for approximately thirteen hours prior to such time he was produced.  Under the provisions of 18 U.S.C. 3501(c) any such statement is suppressible when more than six hours expire between the time of arrest and prior to the production of the defendant before a Magistrate Judge or other officer.  Any exception contained in such statute is not relevant to the case at bar in that the distance to be traveled to the nearest available Magistrate Judge or other officer in the case at bar was minimal since the subject arrest occurred in the Town of Stony Point, County of Rockland less than 25 miles from the courthouse in the Southern District located in the City of White Plains, County of Westchester.

Additionally, in light of the fact that defendant was never given a reading of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and the fact that defendant's counsel was not allowed access to defendant while defendant was in custody, at a minimum a hearing should be held pursuant to *People v. Huntley*, 15 N.Y.2d 72 (1965) and *Jackson v. Denno*, 378 U.S. 368 (1964) to determine the voluntariness of any such alleged statement.

Furthermore, it is submitted that any alleged statement resulted from an improper warrantless arrest. Any such alleged statement would be "fruit of the poisoned tree".

## 6.    HEARING RELATIVE TO IDENTIFICATION OF DEFENDANT

A photo array was produced by the prosecution as part of the discovery hearing (see Exhibit "F" attached to the instant motion). The instant branch of the motion seeks an Order pursuant to *United States v. Wade*, 388 U.S. 218 (1967) relative to any identification made.

In light of the paucity of discovery provided by the prosecution herein, defendant at the current time is unable to be any more precise as to the facts and circumstances relative to such identification since the Government has not set forth the date, time or place of any such identification, by whom the identification was purported made, or any other circumstances relative thereto.

## 7.    AUDIBILITY HEARING/TRANSCRIPTS

The instant branch of this motion seeks an audibility hearing pursuant to *United States v. Bryant*, 480 F.2d 785 (2nd Cir. 1973) as well as the production of any transcripts relative to a certain compact disc provided by the Government. It is respectfully submitted that the instant compact disc is in whole or part inaudible. Where same is the circumstance, there should be a hearing prior to the presentment to a jury of such a disc or any transcript relative to same (*see*, *United States v. Bryant*, *supra*.) This is especially true in the case at bar since most of the

conversations are in the Spanish language.  Therefore, a jury will have no opportunity to compare its own hearing of the subject disc to any transcript provided.

8.    **DISMISSING THE INDICTMENT FOR IMPROPER VENUE**

According to the Felony Complaint, the germane acts allegedly committed by the defendant occurred in the County and Borough of Queens, City of New York, State of New York, which is located in the Eastern District.  However, the instant proceeding has been brought in the Southern District.

The Constitution protects rights in Article III, §2, and in the Sixth Amendment, which requires the defendant to be tried in the District where the crime occurred (***United States v. Angotti***, 105 F.3d 539 (9th Cir. 1997)).

The prosecution cannot, through its agents, create venue.  Telephone calls initiated by the Government and its agents are insufficient to manufacture jurisdiction (***United States v. Archer***, 486 F.2d 670 (2nd Cir. 1973)).

Venue as required by F.R.C.P. 18 places the burden of proof on the prosecution (***United States v. White***, 611 F.2d 531 (5th Cir. 1980) cert. den. 446 U.S. 992 (1980)).  Proof of venue is an essential part of the Government's case (***United States v. Kampiles***, 609 F.2d 1233 (7th Cir. 1979) cert. den. 446 U.S. 954 (1980)).

9.    **DISMISSAL AND/OR HEARING BASED UPON**
      **VIOLATION OF DUE PROCESS AND/OR ENTRAPMENT**

In this Circuit, it has been "repeatedly recognized" that a Due Process right exists not to have the government so involved in the creation of a crime as to shock the conscience separate and apart from an entrapment defense.  *See*, ***Labensky v. County of Nassau***, 6 F. Supp.2d 161 (EDNY 1998).  Even if predisposition is claimed, a motion to dismiss an indictment is proper where the Government has engaged in conduct so outrageous as to violate Due Process.  ***United***

*States v. Cuervelo*, 949 F.2d 559 (2nd Cir. 1991). Where the Government supplies the suggestion for the crime, the items necessary for the crime, and defendant was not the individual with the technical expertise to create the contraband, such involvement by the Government, regardless of any claimed predisposition of the defendant, constitutes police involvement in the alleged crime such as to reach a demonstrable level of outrageousness as to violate Due Process and bar prosecution. *United States v. Twigg*, 588 F.2d 373 (3rd Cir. 1978). *Accord*, *People v. Isaacson*, 44 N.Y.2d 511, 378 N.E.2d 78 (1978).

In the case at bar, it is beyond dispute that the Government supplied the photographs for the creation of the subject documents, provided the money for the transposition of the photographs into the subject documents through its CS who on the first occasion drove his own vehicle to the subject scene transporting the photographs and the money and the defendant and on the second occasion was provided a vehicle by the Government to transport the photographs and the money and the defendant to the scene, through its CS received the documents at the scene and transported them, and had third parties uncharged herein and unrelated to defendant utilize their own technology and expertise to create the instant documents at the behest of the Government through its CS.

Furthermore, defendant rejects any claim of predisposition and as such interposes an entrapment defense.

## 10.   ADDITIONAL MOTIONS

The defendant herein respectfully requests that he be allowed to reserve his right to file any additional motions, which may become necessary and applicable, as a result of further proceedings or additional information obtained by the defendant. This is especially true in the case at bar where there has been a paucity of disclosure by the government. Under F.R.C.P.

12(c) and 47(c), the court is authorized to grant leave to file motions for good cause shown.  It is respectfully submitted therefore, that defendant counsel should be permitted to reserve its right to file such motions.

**WHEREFORE**, it is respectfully request that the Court grant the relief sought in the annexed Notice of Motion.

Dated: White Plains, New York
           October 4, 2007

Respectfully submitted,

_/S_____
**CHRISTOPHER RILEY (CR-0975)**
Attorney for Defendant
56 Greenridge Avenue
White Plains, NY 10605
914/428-4010