UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===================================X
UNITED STATES OF AMERICA,

                                                  Indictment No. 07 Crim. 732

      - against -

OSCAR LEMUS,

                Defendant.
===================================X


**MEMORANDUM OF LAW OF DEFENDANT OSCAR LEMUS IN
REPLY TO OPPOSITION TO DEFENDANT'S PRE-TRIAL MOTION**


                                            **CHRISTOPHER RILEY, ESQ.**
                                            Attorney for Defendant
                                            56 Greenridge Avenue
                                            White Plains, NY 10605
                                            914/428-4010

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES

    Cases — iv

PRELIMINARY STATEMENT — 1

    Background — 1

        A.  The Original Indictment — 1

ARGUMENT

    POINT I

        A Bill of Particulars is Warranted — 1

    POINT II

        Informant Related Information — 3

    POINT III

        Government Personnel Files — 4

    POINT IV

        Defendant is Entitled to a Suppression
        Hearing as to Statements — 5

POINT V

    Defendant is Entitled to Suppression of the Arrest
    and Subsequent Alleged Statements and Property
    Received                                                   5

POINT VI

    Defendant is Entitled to an Audibility Hearing     6

POINT VII

    Venue Remains Improper     7

POINT VIII

    Defendant is Entitled to a Pre-Trial Due
    Process Hearing     7

POINT IX

    Defendant is Entitled to Further Motions     7

CONCLUSION     8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Brady v. Maryland*, 373 U.S. 83 (1963) — 4

*Coolidge v. New Hampshire*, 403 U.S. 443 (1971) — 6

*Dunaway v. New York*, 442 U.S. 200 (1979) — 5

*Giglio v. United States*, 405 U.S. 150 (1972) — 5

*Gutierrez-Flores v. United States*, 1999 WL 147735 (S.D.N.Y. 1999) — 6

*Katz v. United States*, 389 U.S. 347 (1967) — 6

*Roviaro v. United States*, 353 U.S. 53 (1957) — 4

*Spinelli v. United States*, 393 U.S. 410 (1969) — 6

*Valenzuela-Bernal v. United States*, 458 U.S. 858 at 871 (1982) — 4

*United States v. Arango-Lorrea*, 851 F.2d 54 (2nd Cir. 1988) — 6

*United States v. Belfast*, 2007 WL 1879909 (S.D.Fla.) — 2

*United States v. Botero*, 1993 WL 427027 (S.D.N.Y. 1993) — 6

*United States v. Bronson*, 2007 WL 2455138 (E.D.N.Y. 2007) — 7

*United States v. Bryant*, 480 F.2d 785 (2nd Cir. 1973) — 6

*United States v. Cain*, 2007 WL 1385726 (W.D.N.Y. 2007) — 5

*United States v. Chalmers*, 410 F. Supp.2d 278 (S.D.N.Y. 2006) — 3

*United States v. Cuervelo*, 949 F.2d 559 at 567 (2nd Cir. 1991) .......... 7

*United States v. Feola*, 651 F. Supp. 1068 (S.D.N.Y. 1987) .......... 3

*United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) .......... 6

*United States v. Kiszewski*, 877 F.2d 210 (2nd Cir. 1989) .......... 5

*United States v. Muyet*, 945 F. Supp. 586 (S.D.N.Y. 1996) .......... 3

*United States v. Roberts*, 388 F.2d 646 (2nd Cir. 1968) .......... 4

*United States v. Saa*, 859 F.2d 1067 (2nd Cir. 1988) .......... 4, 5

*United States v. Solomonyan*, 452 F. Supp.2d 334 (S.D.N.Y. 2006) .......... 2

## PRELIMINARY STATEMENT

Defendant Oscar Lemus respectfully submits this Memorandum of Law in reply to the opposition by the United States of America to defendant's pre-trial motions.

## BACKGROUND

### A. The Original Indictment

The original Indictment was filed herein on August 8, 2007, a copy of which was attached as Exhibit "A" to defendant's moving papers.

Subsequently, by Notice of Motion dated October 4, 2007, defendant moved for certain omnibus relief.

Thereafter, a Superseding Indictment was filed on November 19, 2007. A copy of the Superseding Indictment is attached hereto as Exhibit "G".

Defendant objects to the fact that the Government's opposition papers dated November 26, 2007 sites the Superseding Indictment as if it were the Indictment moved against and respectfully submits that defendant must be permitted to make such other and further motions as necessarily results from the new Indictment including, but not limited to, further motions for a Bill of Particulars and discovery which arise out of the new Indictment.

Furthermore, the reference in the prosecution's opposition papers to an unredacted form of the June 12, 2007 report is altogether incorrect as this copy (a copy of which is attached hereto as Exhibit "H") is also heavily redacted.

## ARGUMENT

### POINT I

### A Bill of Particulars is Warranted

First, it should be noted that the initial Indictment did not charge a conspiracy of any type but rather two counts of a possession and/or transfer of false documents. The Superseding

1

Indictment has one count of a conspiracy to do so.  Since no conspiracy was alleged at the time of the initial Indictment when defendant made defendant's motion, no demand was made for the ordinary items one would make in a conspiracy count, such as the names and addresses of any co-conspirators, the acts constituting the acts of conspiracy, the identity of the individuals with whom the purported agreement was made and related matters.  In the Superseding Indictment, the only "overt acts" alleged are that "On or about February 11, 2007, Lemus traveled from Orangeburg, New York to Queens, New York" and that "On or about March 3, 2007, Lemus traveled from Spring Valley, New York to Queens, New York".  See Exhibit "G" attached hereto.

    Of note is the fact that none of such acts are illegal nor do they in any way constitute a conspiracy.  It is respectfully submitted that defendant has a right to know what acts he is alleged to have committed that would in some way constitute a conspiracy or a crime.

    It is well settled that an essential element of the offense of conspiracy is the identity of the individuals who agreed, and as such a court should grant a Bill of Particulars when it seeks the names of unindicted co-conspirators.  ***United States v. Belfast***, 2007 WL 1879909 (S.D.Fla.).  Where there are unnamed co-conspirators and a Bill of Particulars is sought specifying the identities of the unindicted co-conspirators, a court is required to engage in a highly fact-specific inquiry.  ***United States v. Solomonyan***, 452 F. Supp.2d 334 (S.D.N.Y. 2006).  In the case at bar, the conspiracy allegedly ran eight months from August 2006 through in or about March 2007.  The Government has provided little in terms of notice of the particulars of the conspiracy alleged in the Indictment other than that the defendant left Orangeburg and traveled to Queens and left Spring Valley and traveled to Queens.  Where as here there is virtually no pre-trial disclosure other than a certain compact disc and a few pieces of paper, no reasonable argument can be made that there is a potential for danger to the co-conspirators insofar as the prosecution concedes that

the defendant has identified the confidential informant and no harm has befallen him, and the nature of the alleged criminal conduct is not violent in nature, such a Bill should be granted. No harm has been alleged to any ongoing investigation by the Government. The case at bar is readily distinguishable from *United States v. Muyet*, 945 F. Supp. 586 (S.D.N.Y. 1996) where the court in denying a Demand for a Bill of Particulars specifically noted that the Indictment itself had already provided the names of the co-conspirators and the dates of each act.

Courts in this district regularly grant bills of particulars in conspiracy cases demanding the identity of an unindicted co-conspirator (*see*, *United States v. Chalmers*, 410 F. Supp.2d 278 (S.D.N.Y. 2006)) particularly where there has not been extensive discovery and no showing of danger to the co-conspirators has been made.

Specific items which have been held to be properly disclosed by the Government by way of a Bill of Particulars includes the names of all persons the Government will claim to have been co-conspirators, the locations of acts set forth in the counts, and a place where the principal offense charged alleged occurred. Likewise, it is proper to direct the time and location and names of persons present at the time of the alleged transaction. There is little prejudice to the Government in having to divulge such limited facts. *United States v. Feola*, 651 F. Supp. 1068 (S.D.N.Y. 1987).

## POINT II

### Informant Related Information

While the defense has met with an individual (Gabriel Flores) who has represented himself to be the confidential informant herein, the defense should not be required rely on his representations and face possible surprise at trial. Of note is the fact that in the case at bar the confidential informant was an active participant in all the acts alleged herein and was present in each and every step, and has not merely been used for probable cause. Where an informant s a

3

key witness or participant in a crime charged, someone whose testimony would be significant in determining guilt or innocence, the defendant has generally established a right to disclosure. *United States v. Saa*, 859 F.2d 1067 (2nd Cir. 1988). As noted by the court in *Saa*, it has long been held that where the informant was present at the time of an alleged sale of contraband, the informant being present during all significant events was a crucial witness and therefore the identity must be disclosed. *See*, *United States v. Saa* quoting *United States v. Roberts*, 388 F.2d 646 (2nd Cir. 1968). It is error where the confidential informant is both a witness to and a participant in many of the events to fail to provide the identity of the confidential informant, and this error is not cured by the Government promising to make the confidential informant available in the event that the defense wishes to call him at trial. *United States v. Saa*, *supra*. In the case at bar, the testimony of the informant will be necessary in order to establish the scope of the informant's involvement and whether defendant committed the acts accused of.

Further, the prosecution misapprehends the relevant standard in disclosure of the identity of the informant. The only question is whether the identity "is relevant and helpful to the defense of an accused". *United States v. Saa*, *supra* at 1073 quoting *Roviaro v. United States*, 353 U.S. 53 (1957). The defendant need not establish what the informant would say, only what the informant could say as the defendant "cannot establish that [the CI] would have testified in this manner, but it suffices that she is able to point to 'the events to which [the CI] might testify, and the relevance of those events to the crime charged.'" *United States v. Saa*, *supra* at 1074 quoting *Valenzuela-Bernal v. United States*, 458 U.S. 858 at 871 (1982).

## POINT III

### Government Personnel Files

*United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) requires an appropriate review of personnel files of Government witnesses so as to comport with the mandates of *Brady v.*

4

*Maryland*, 373 U.S. 83 (1963) and ***Giglio v. United States***, 405 U.S. 150 (1972).  *See*, ***United States v. Cain***, 2007 WL 1385726 (W.D.N.Y. 2007).  It is insufficient for the Government to expect reliance on its representation that there is no ***Brady*** material in the personnel file.  ***United States v. Kiszewski***, 877 F.2d 210 (2nd Cir. 1989).

### POINT IV

### Defendant is Entitled to a Suppression Hearing as to Statements

To the extent the prosecution objects to a hearing based on no affidavit being submitted by defendant, defendant's affidavit submitted herewith clearly moots this argument.

To the extent the prosecution objects to the hearing based on the delay resulting from defendant being "transported to the Spring Valley Police Department to be housed overnight, and brought to court the next morning" (see Government's Memorandum of Law in Opposition at p. 33), the Government clearly misstates the facts.  Defendant was arrested at 10:30 a.m. in Rockland County and produced at 11:00 p.m. (over twelve hours later) in Westchester County.  No overnight lodging was involved.  Only 45 minutes was spent in processing which itself did not occur until almost six hours after arrest.  Transportation of defendant to the court did not begin until almost twelve hours after arrest at 10:00 p.m.

Coupled with defendant's sworn statement that his ***Miranda*** warnings were not read to him prior to the initial questioning, a hearing is mandated.

### POINT V

### Defendant is Entitled to Suppression of the Arrest and Subsequent Alleged Statements and Property Received

For reasons more fully set forth in defendant's initial moving papers, defendant is entitled to a probably cause hearing relative to the arrest of the defendant pursuant to ***Dunaway v. New York***, 442 U.S. 200 (1979).  It is respectfully submitted that the search incident to the

5

arrest, which resulted in the seizure of defendant's telephone and the download of phone numbers therefrom, must likewise be suppressed or a hearing granted.

A warrantless search is presumptively unconstitutional. *See*, **Katz v. United States**, 389 U.S. 347 (1967); **Coolidge v. New Hampshire**, 403 U.S. 443 (1971).

The prosecution has now alleged that based upon the informant's allegation, the police had probable cause to make the arrest. (See opposition brief at p. 25-26.)

In the case at bar, no reason has been established to believe the informant herein to have been a reliable informant. Mere allegations of the reliability of the informant without factual predicate to establish same is insufficient. **Spinelli v. United States**, 393 U.S. 410 (1969).

## POINT VI

### Defendant is Entitled to an Audibility Hearing

The cases relied upon by the prosecution I no way support denial of an audibility hearing. In fact, in **United States v. Arango-Lorrea**, 851 F.2d 54 (2nd Cir. 1988) and **United States v. Botero**, 1993 WL 427027 (S.D.N.Y. 1993) (both of which are relied on by the prosecution), audibility hearings were granted.

In **Gutierrez-Flores v. United States**, 1999 WL 147735 (S.D.N.Y. 1999), no audibility hearing was requested, and the Court's opine that an objection to audibility should have been specific related to the post-trial application to set aside the verdict for ineffective assistance of counsel for failure to request an audibility hearing, and the application was only made after the Court had already listened to the totality of the tapes in the court at trial. Likewise, in **United States v. Bryant**, 480 F.2d 785 (2nd Cir. 1973), no audibility hearing was requested before the trial court and the tapes were played before the trial judge and the issue only first raised on appeal. Not a single case cited by the prosecution involves the denial of an audibility hearing.

6

## POINT VII

### Venue Remains Improper

As set forth in the complaint (see Exhibit "D" to defendant's moving papers), all the substantive acts alleged were alleged to have occurred in Queens, New York, i.e., the Eastern District. After the instant motion to dismiss the initial Indictment, the prosecution filed a Superseding Indictment in an effort to cure the venue deficiency. However, it is to no avail.

The Superseding Indictment does no more than allege that the defendant was driven by a Government agent (the confidential informant) in a car supplied by the Government on two occasions to Queens. There is no allegation that "criminal conduct occurred within the venue". *United States v. Bronson*, 2007 WL 2455138 (E.D.N.Y. 2007).

## POINT VIII

### Defendant is entitled to a Pre-Trial Due Process Hearing

It is well settled that to resolve a due process claim "most often, conducting a hearing is the preferred course of action". *United States v. Cuervelo*, 949 F.2d 559 at 567 (2nd Cir. 1991). It was only where circumstances do not allow for the timely filing of a motion to dismiss that the court in *Cuervelo* found a reason for the determination to be made post-trial.

## POINT IX

### Defendant is Entitled to Further Motions

Subsequent to the making of the instant motion, the prosecution obtained a new Superseding Indictment. Thus, defendant's motion did not address this new Indictment. In no way could defendant be seen as waiving motions directed at same.

Additionally, defendant should be permitted to make additional motions as a result of any discovery obtained after the initial motion or as a result of any hearings granted.

## CONCLUSION

In the event dismissal of the instant Indictment is not summarily granted, the service of a Bill of Particulars should be directed as well as discovery. Additionally, suppression hearings should be directed as to the alleged statements made by defendant and the information downloaded from defendant's cell hone. Additionally, a hearing should be directed on defendant's due process claims.

Dated: White Plains, New York
      December \_\_\_, 2007

Respectfully submitted,

_____
**CHRISTOPHER RILEY (CR-0975)**
Attorney for Defendant
56 Greenridge Avenue
White Plains, NY 10605
914/428-4010