CHRISTOPHER RILEY
ATTORNEY AT LAW
56 GREENRIDGE AVE.
WHITE PLAINS, NY 10605
(914) 428-4010

May 12, 2008

Honorable Lisa Margaret Smith, US Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, New York 10601

      Re:    **United States v. Oscar Lemus**
            **Docket No. S207 CR 732 (SCR)(LMS)**
            **Sentence Date: May 15, 2008**

Honorable Madam:

    Please be advised that at the time of plea both the Government and defendant agreed that the instant offense "was committed other than for profit", as a factual matter, but disagreed as to the legal import thereof. Defendant relied on *US v. Russell*, 2006 WL 2850215 (S.D.N.Y. 2006) where the court held the provisions of USSG §2L2.1(b)(1) applicable to a violation of the provisions of 18 USC §1028. The Government has relied on the provisions of USSG §2L2.1 Application Note 1 which the Government claims restricts the application of USSG §2L2.1(b)(1) solely to offenses relative to the smuggling, transporting, or harboring of unlawful aliens.

    The provisions of USSG §2L2.1 are clearly intended to relate to offenses such as those covered by 18 USC §1028 as the provision itself is captioned "trafficking in a document relating to naturalization, citizenship, or legal resident status...".

1

The provisions of USSG §2L2.1(b)(1) were amended in 1997. Previously, the provisions of USSG §2L2.1(b)(1) read:

> If the defendant committed the offense other than for profit, decrease by three levels.

As a result of the 1997 amendment, the language was changed to:

> If the offense was committed other than for profit, or the offense involved the smuggling, transporting or harboring only of the defendant spouse or child (or both the defendant spouse and child), decrease by three levels.

Prior to the 1997 amendment, the provisions of USSG §2L2.1(b)(1) were always held applicable to offenses such as the instant offense. See, e.g., *U.S. v. Domanski*, 48 F.3d 1222 (Ill., 1995); *U.S. v. Torres*, 81 F.3d 900 (Cal., 1996); *U.S. v. Buenrostro-Torres*, 24 F.3d 1173 (Cal., 1994).

The 1997 amendment is clearly in the disjunctive, not conjunctive ("if the offense was committed other than for profit, *or* the offense involved is smuggling…". See, USSG §2L2.1 (b)(1)). There is no basis to conclude that the 1997 amendment in any way sought to restrict the application of USSG §2L2.1(b)(1) from its prior application which included offenses involving immigration, naturalization, and passports to solely those offenses involving the smuggling of aliens. If same were intended, clearly the language of USSG §2L2.1(b)(1) would so state and either be in the conjunctive by its terms requiring both a "other than for profit" *and* the smuggling of an alien or would have specifically so limited itself so as to establish the break from prior law. Thus, Application Note 1 should not be read as an exhaustive listing as to the application of the provisions of USSG §2L2.1(b)(1) but rather as an example of its applicability in the realm of the second part of the disjunctive section.

To the extent the Application Note is read otherwise, it would then be contrary to the plain reading of USSG §2L2.1(b)(1). Were the Application Note be construed so as to change the disjunctive provision to the conjunctive, such an application would contradict the plain meaning of the text of the guideline, an impermissible result. See, *U.S. v. Lebovitz*, 401 F.3d 1263 (11th Cir., 2005). The Guidelines themselves provide that any conflict between the Guidelines and the Application Notes commands compliance with the Guidelines rather than the Notice, *U.S. v. Rising Sun*, __ F.3d ___, 2008 WL 1700523 (9th Cir., 2008).

In any event, in light of the fact that prior to the 1997 amendment the provisions of USSG §2L2.1(b)(1) were always applied to the sentencing under 18 USC 1028, and have continued to be applied in this District subsequent to the 1997 amendment (see, e.g., *US v. Russell*, supra) and there are no reported decisions restricting the provisions of USSG §2L2.1(b)(1) so as not to apply to the provisions of 18 USC 1028, and the plain language of the guidelines provides no such restriction, at a minimum the Rule of Lenity would apply.

That the Rule of Lenity is applicable to the sentencing guidelines is clear. *U.S. v. Simpson*, 319 F.3d 81 (2nd Circuit 2002). The Rule of Lenity exists to prevent courts from "applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision is fairly disclosed to be within its scope". *U.S. v. Lanier*, 520 US 259 at 266-267 (1997). In the case with all prior decisions extending both the pre-1997 scope as well as the post amendment 1997 scope of USSG §2L2.1(b)(1) to offenses under 18 USC 1028, with the plain language of USSG §2L2.1(b)(1) governing cases inclusive of 18 USC 1028 violations, with the Application Note in no way expressly indicating that the provisions of USSG §2L2.1(b)(1) should be limited in scope solely as to apply to smuggling offenses, the Rule of Lenity should require a court to reject the strained

interpretation proffered by the Government.

                              Sincerely,

                              CHRISTOPHER RILEY

cc:    Assistant United States Attorney
        Sara Krissoff, Esq.
        300 Quarropas Street
        White Plains, New York 10601